GREGORY A. BROWER
United States Attorney
District of Nevada
333 Las Vegas Blvd., South, Suite 5000
Las Vegas, Nevada 89101

VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6484

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GLEN A. BLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. CV-S-08-01119-JCM (LRL) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, INTERNAL ) | **MEMORANDUM IN SUPPORT OF** |
| REVENUE SERVICE, JOHN F. DEAN, ) | **NAMED FEDERAL DEFENDANTS'** |
| Special Trial Judge, Tax Court, DONALD L. ) | **MOTION TO DISMISS** |
| KORB, Chief Counsel, IRS, WESLEY J. WONG, ) | |
| Attorney, IRS, MARLENE M. OKAUIMA, ) | |
| Appeals Team Manager, IRS ) | |
| ) | |
| Defendants. ) | |

The named federal defendants, the United States of America, Internal Revenue Service, John F. Dean, Special Trial Judge, Tax Court, Donald L. Korb, Chief Counsel, IRS, Wesley J. Wong, Attorney, IRS, and Marlene M. Okauima, Appeals Team Manager, IRS, through counsel, hereby submit this memorandum in support of their motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(5) because plaintiff has failed to properly serve the federal defendants, there has been no waiver of sovereign immunity, the Court lacks jurisdiction over this matter, and defendant John F. Dean, Special Trial Judge, Tax Court is entitled to absolute judicial immunity.

**STATEMENT OF THE CASE**

The plaintiff filed a Complaint For Damages And Request That This Court Set Aside A Collection Due Process Determination (Decision Letter) Lawlessly Issued Pursuant To 26 USC 7214, 6320 and 6330

- 1 -

4102080.1

Of The IR Code And Vacate The Invalid Tax Court Decision Resulting From Said Determination (Tax Court Docket No: 10023-07L) (hereinafter referred to as the "Complaint"). Pursuant to the Complaint, the plaintiff was issued a Notice of Determination Concerning Collection Action Under Section 6320 and/or 6330 by the IRS and sought review of the Notice of Determination in the United States Tax Court pursuant to 26 U.S.C. § 6330(d)(1). *See* Complaint, p. 1. The United States Tax Court ruled against the plaintiff and imposed a penalty against him pursuant to 26 U.S.C. § 6673(a)(1) for instituting the proceedings primarily for the purposes of delay. *See* Complaint, p. 2.

In his Complaint, the plaintiff requests that the Court order the federal defendants to:

Stop all lien or levy actions until all of the following is met.
Produce the IR Code section that makes the plaintiff "liable" for income taxes.
Produce the IRCode section that requires payment of income taxes.
Produce the documents that state that anything other than a 17A is a statutory notice and demand for payment.
Produce the transcript from the hearing that was held that proved plaintiff was "liable" for income taxes.
Produce the documentation that states that the person that decided that plaintiff was "liable" had the authority to do so from the Secretary of the Treasury via a "delegation of authority" signed by the same, dated prior to the decision.

*See* Complaint, p. 2. The plaintiff does not make any specific allegations against the named federal defendants John F. Dean, Donald L. Korb, Wesley J. Wong, or Marlene M. Okaijima in the Complaint. As set forth in detail below, the plaintiff has failed to property serve the federal defendants, the Court lacks jurisdiction over this matter, and the Complaint fails to set forth a claim upon which relief may be granted. Therefore, this action should be dismissed with prejudice.

## ARGUMENT

### A. The complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

The complaint should be dismissed for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5). In response to the Court's Notice Regarding Intention To Dismiss Pursuant To Rule 4(m) Of The Federal Rules Of Civil Procedure, the plaintiff filed a certificate of service in which he stated that he mailed a copy of the complaint by certified mail to federal defendants John F. Dean, Donald L. Korb, Wesley J. Wong, and Marlene M. Okaijima on December 18, 2008. The plaintiff failed to serve the United States. Fed. R. Civ. P. 4(i)(1) provides that service upon the United States is effected

    (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

    (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

Moreover, Fed.R.Civ.P. 4(i)(2) states in pertinent part that "[t]o serve a . . . United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer, or employee." Thus, because the plaintiff failed to properly serve the United States, the service upon the named federal defendants was improper and the time in which to properly serve pursuant to Fed.R.Civ.P. 4(m) has expired.

  To the extent that this suit can be construed as a suit against the federal defendants in their individual capacities, service of process on them was not valid and the Court lacks personal jurisdiction over them. *See Gilbert v. DaGrossa*, 756 F.2d at 1459 (in suits against federal employees in their individual capacities, the normal rules for establishing *in personam* jurisdiction apply). Pursuant to Fed.R.Civ.P. 4(i)(3), in addition to serving the United States, as set forth above, service of process upon a United States officer or employee sued in an individual capacity must comply with Fed.R.Civ.P. Rule 4(e) or Nevada State law. Like Federal Rule 4(e)(2), Nevada law requires that service of a summons and complaint, under the circumstances presented here, must be made by personal service, by leaving copies at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by serving defendant's authorized agent. Nev.Ct. R.C.P. 4(d)(6). Plaintiffs' certified mailing of the summons and complaint, without including a notice and request for waiver of service pursuant to Rule 4(d)(2) and inclusion of a return envelope, fails to satisfy any of these requirements.

  **B. Plaintiff's Suit is Barred by the Doctrine of Sovereign Immunity**

  It is well settled that the United States, as a sovereign, may not be sued without its consent, and that the terms of its consent define the court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Sherwood*, 312 U.S. 584, 586-587 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th

- 3 -

4102080.1

Cir. 1985). Waivers of sovereign immunity "must be explicitly expressed," and "must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute." *Fostvedt v. United States*, 978 F.2d 1201,1202-03 (10th cir. 1992). Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and dismissal is required. *E.g., Fostvedt*, 978 F.2d at 1204; *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). The instant action fails to assert a waiver of sovereign immunity. The plaintiff has failed to assert any basis for which the Court has subject matter jurisdiction over his claims.

The fact that the plaintiff named the employees of the Internal Revenue Service and a United States Tax Court Judge as defendants does not preclude the application of the doctrine of sovereign immunity. *Gilbert v. DaGrossa*, *supra*.; *National Commodity and Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1246 (10th Cir. 1989); *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). On the contrary, the doctrine of sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities and the relief would affect the federal fisc. *Spalding v. Vilas*, 161 U.S. 483, 498-499 (1896). As held by the Ninth Circuit in *Hutchinson v. United States*, 677 F.2d at 1327:

> It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants. Thus, a suit against IRS employees in their official capacity is essentially a suit against the United States. As such, absent express statutory consent to sue, dismissal is required.

*See also Atkinson, supra*. (When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States).

In this action, the plaintiff named Donald L. Korb, former IRS Chief Counsel, Wesley J. Wong and Marlene M. Okaijima, employees of the IRS, and John F. Dean, Special Trial Judge of the United States Tax Court as defendants. However, the plaintiff did not make any specific claims against the named federal defendants. Instead, plaintiff requested that the Court order the defendants, as set forth in detail above, to cease collection of his outstanding federal tax liabilities and prove that he is liable for paying federal income taxes. Thus, the nature of the claims against the named federal defendants in this case demonstrate that the plaintiff named them because of their official positions as a United States Tax Court judge, and employees

- 4 -

of the IRS collecting outstanding federal tax liabilities. The relief the plaintiff seeks is an injunction to prevent further collection of his outstanding federal tax liabilities. Thus, although IRS employees and a United States Tax Court judge were named as defendants, this action must be considered to be solely against the United States. As long as the plaintiff seeks a judgment against the defendant in his or her official capacity and the judgment would come out of the public fisc, the suit is considered for this purpose to be one against the United States. *Land v. Dollar*, 330 U.S. 731, 738 (1947); *Demery v. Kupperman*, 735 F. 2d 1139, 1145-1146 (9th Cir. 1984). The plaintiff has failed to allege any statute which specifically provides for suits against the United States under the circumstances presented herein. Thus, the Court should dismiss this suit against the United States and the named federal defendants for lack of subject matter jurisdiction, since it is barred by the doctrine of sovereign immunity.

**C. This Action is Expressly Barred By The Anti-Injunction Act and the Declaratory Judgment Act.**

The plaintiff's request that the Court order the IRS to cease all collection activity with regard to his outstanding federal tax liabilities is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. The Anti-Injunction Act provides: "Except as provided in [Internal Revenue Code] sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1) and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."1/ 26 U.S.C. § 7421(a). The purpose of the Anti-Injunction Act is to protect the "Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, 'and to require that the legal right to disputed sums to be determined in a suit for refund.'" *Bob Jones University v. Simon*, 416 U.S. 725, 736-737 (1974) (quoting *Enoch v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)); *see also South Carolina v. Regan*, 465 U.S. 367, 374-375 (1984). The goal of the Anti-Injunction Act is to prevent unauthorized interference with the collection of taxes. *Williams Packing*, 370 U.S. at 8. In order to achieve this goal, the Anti-Injunction Act

---

1/Sections 6212 and 6213(a) of the Internal Revenue Code (26 U.S.C.) relate to assessments entered in violation of the deficiency procedures of the Code. Sections 6672(b) and 6694(c) allow taxpayers to obtain stays of certain penalty collection proceedings if certain requisites are met. Section 7426 permits the district courts to entertain civil actions by persons other than the taxpayer under certain circumstances. Section 7429(b) relates to district court review of jeopardy assessments. None of these provisions are relevant here.

generally prohibits injunctions against all acts necessary or incidental to the assessment or collection of taxes. *See, e.g., Wyoming Trucking Ass'n v. Bentsen*, 82 F.3d 930 (10th Cir. 1996); *Elias v. Connect*, 908 F.2d 521, 523 (9th Cir. 1990).

The Anti-Injunction Act prohibits the granting of injunctive relief with respect to the collection of taxes, *Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981); *Schildcrout v. McKeever, 580 F.2d 994, 999* (9th Cir. 1978); *Shannon v. United States*, 521 F.2d 56, 58 (9th Cir. 1975); with respect to the investigation and determination of a taxpayer's tax liability, *Zimmer v. Connect*, 640 F.2d 208, 210 (9th Cir. 1981); *Blech v. United States*, 595 F.2d 462, 465-466 (9th Cir. 1979); *Kemlon Products & Development Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir. 1981); and with respect to steps taken by the IRS preliminary to the actual assessment or collection of taxes. *In re Heritage Village Church & Missionary Fellowships, Inc.*, 851 F.2d 104, 150 (4th Cir. 1988); *United States v. First Family Mortgage Corp.*, 739 F.2d 1275, 1278 (7th Cir. 1984). These cases make it clear that the Anti-Injunction Act prevents interference with a wide variety of actions taken by the Government to collect or determine taxes.

Moreover, the plaintiff's requests for the Court to order the named federal defendants to prove that he is liable to pay federal income taxes are barred by a provision of the Declaratory Judgment Act which specifically excludes the authority to render declaratory relief "with respect to Federal taxes" (subject to exceptions not relevant here). Thus, 28 U.S.C. § 2201 operates as a specific jurisdictional bar to the plaintiff's claims. *See Sterling Consulting Corp. v. United States*, 245 F.3d 1161, 1166 (10th Cir. 2001), *cert. denied*, 534 U.S. 1114 (2002); *Wyoming Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 935 (10th Cir. 1996); *Powelson v. United States*, 979 F.2d 141, 145 (9th Cir. 1992); *Hughes v. United States*, 953 F.2d 531, 536-537 (9th Cir. 1992).

To avoid the bar of the Anti-Injunction Act and the Declaratory Judgment Act, plaintiff would have to show that under no circumstances could the government prevail, and that equity jurisdiction is otherwise present because of the existence of irreparable injury for which there is no legal remedy. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). In the instant action, the plaintiff has failed to satisfy his outstanding federal income tax liabilities or post a bond. Plaintiff has not made any valid claims. Plaintiff's allegations are clearly an attempt to disrupt the government's efforts to collect taxes. And, there is no

question that he has an adequate remedy at law. Plaintiff can pay the full amount of taxes owed and sue for refund in this court or in the Court of Federal Claims. A refund action is an adequate remedy at law. *Wyoming Trucking Ass'n, Inc.*, 82 F.3d at 933.

Because plaintiff cannot demonstrate that under no set of circumstances could the United States prevail, and plaintiff cannot demonstrate that he does not have an adequate remedy at law, plaintiff's action is barred by the Anti-Injunction Act and the Declaratory Judgment Act and this Court lacks jurisdiction to hear the claims.

**D. Judge Dean Has Absolute Immunity In This Action.**

Although the plaintiff titled his Complaint a Complaint for Civil Damages, he did not ask for an award of damages in the Complaint. Even if he had, however, judges are absolutely immune from civil liability for damages for their judicial acts. *E.g.*, *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Absolute immunity is necessary to assure that judges can perform their functions without harassment or intimidation. *Butz v. Economou*, 438 U.S. 478, 512 (1978). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11; *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Judicial immunity is not overcome by allegations of bad faith or malice. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial immunity is overcome only in two sets of circumstances. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Forrester*, 484 U.S. at 227-229; *Stump*, 435 U.S. at 360. Second, even if the acts complained of are judicial in nature, a judge is not immune for actions taken "in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-357 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)). Individual "acts in excess of jurisdiction" do not overcome judicial immunity, however, unless there is a "clear absence of all jurisdiction" over a particular case or proceeding. *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1389 (9th Cir. 1987) (citing *Stump*, 435 U.S. at 357 n.7). "[A] mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" *Mullis*, 828 F.2d at 1390 (quoting

*Stump*, 435 U.S. at 359).

Neither exception to the scope of judicial immunity applies here. First, the actions taken by Judge Dean that were alleged in the Complaint (*i.e.*, ruling in plaintiff's Section 6330 case and imposing a penalty against him pursuant to 26 U.S.C. § 6673(a)(1)) clearly were judicial actions because they pertained exclusively to the plaintiff's United States Tax Court case.

Second, there is no allegation that there was no jurisdiction for the actions taken by Judge Dean. Accordingly, the claims against Judge Dean are barred by judicial immunity.

### E. There Is No Jurisdiction For A Suit Against The Named Federal Defendants In Their Personal Capacities.

Although the plaintiff did not specifically ask for an award of damages against the named federal defendants, even if he had, there would be no jurisdiction for such a suit. Under certain circumstances, a suit for damages may be maintained against a government official in his or her individual capacity for alleged violations of federal constitutional rights. *See Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971). However, where Congress has created specific remedies under a "comprehensive scheme," *Bivens* actions are barred. *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988).

The "comprehensive scheme" bar has been recognized as a bar to constitutional claims based on activities involving the collection of taxes. In *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004), the Ninth Circuit held that no *Bivens* remedy was available for alleged constitutional violations occurring in the assessment and collection of partnership taxes. *See also Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990), *cert. denied*, 498 U.S. 1096 (1991). In *Wages*, the Court found that the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens* in this situation. *Id.* Similarly, the Second, Third, Fourth, Sixth, and Eighth Circuits have emphatically shut the door on all *Bivens* actions in the federal tax collection arena involving due process rights or where post-seizure remedies are available. *See Hudson Valley Black Press v. Internal Revenue Service*, 409 F.3d 106 (2nd Cir. 2005); *Judicial Watch v. Rossotti*, 317 F.3d 401 (4th Cir. 2003), *cert. denied*, 540 U.S. 825 (2003); *Shreiber v. Mastrogiovanni*, 214 F.3d 148 (3rd Cir. 2000); *Fishburn v. Brown*, 125 F.3d 979, 982-83 (6th Cir. 1997) (declining to create *Bivens* action for alleged due process violation

during property seizure); *Vennes v. An Unknown Number of Unidentified Agents*, 26 F.3d 1448 (8th Cir. 1994), *cert. denied*, 513 U.S. 1076 (1995) (declining to create *Bivens* action against IRS agents for alleged violation of due process rights during seizure of business and jeopardy assessment). As shown above, the conduct about which plaintiff complains clearly occurred in the course of the collection of taxes. Congress has created legal procedures to address the plaintiff's claims. Specifically, the plaintiff can file a claim for refund under 26 U.S.C. §7422 and, after the requisite period of time has passed (see 26 U.S.C. §§ 6532, 6703(c)) if necessary, sue the United States for a refund of the taxes he claims to have been wrongfully collected. Therefore, if the complaint is construed as a *Bivens* action filed against the named federal defendants in their personal capacities, the Court nonetheless lacks subject matter jurisdiction to hear it.

Furthermore, even if there were no "comprehensive scheme" present here, plaintiff's *Bivens* action would still be barred under the doctrine of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194 (2001). In suits for damages allegedly arising from unconstitutional action, individually named federal defendants are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. " *Mitchell v. Forsyth*, 472 U.S. 511, 517 (1985) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In the instant action, it is clearly objectively reasonable for the federal defendants to levy the plaintiff's funds. The constitutionality of the levy procedure, of course, "has long been settled." *United States v. National Bank of Commerce*, 472 U.S. 713, 721 (1985), citing *Phillips v. Commissioner*, 283 U.S. 589, 595 (1931). *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352, n. 18 (1977). Consequently, the plaintiff has failed to set forth a claim against the named federal defendants in their personal capacities and the plaintiff's complaint against the named federal defendants should be dismissed.

Moreover, federal defendant Wesley J. Wong is entitled to absolute immunity with regard to plaintiff's allegations regarding defendant Wong's official conduct in representing the government in the litigation in the United States Tax Court. In *Fry v. Melaragno*, 939 F.2d 832 (9th Cir. 1991), the Ninth Circuit affirmed its holding in *Flood v. Harrington*, 532 F.2d 1248 (9th Cir. 1976) that government attorneys involved in civil tax litigation are entitled to absolute immunity with regard to their actions in the judicial process. In *Fry*, the court held that the defendant IRS attorneys were entitled to absolute immunity with

regard to their official conduct in United States Tax Court litigation. Similarly defendant Wong is entitled to absolute immunity in this action.

## CONCLUSION

For the foregoing reasons, this action should be dismissed with prejudice.

DANIEL BOGDEN
United States Attorney


/s/ Virginia Cronan Lowe
VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | IT IS HEREBY CERTIFIED that service of the foregoing MORANDUM IN SUPPORT OF |
| 3 | NAMED FEDERAL DEFENDANTS' MOTION TO DISMISS has been made this 1st day of April, |
| 4 | 2009, by depositing a copy thereof in the United States Mail in a postage prepaid envelope addressed |
| 5 | to: |

        Glen A. Blair
        3349 Wayne St.
        Las Vegas, Nevada 89121

                /s/ Virginia Cronan Lowe
                VIRGINIA CRONAN LOWE
                Trial Attorney, Tax Division
                U.S. Department of Justice