Glen A. Blair
3349 Wayne St.
Las Vegas, Nevada
89121

___FILED ___RECEIVED
___ENTERED ___SERVED ON
COUNSEL/PARTIES OF RECORD

2009 APR 17  P 12: 30

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY:_____DEPUTY

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEVADA

| | |
|---|---|
| Glen A. Blair, | ) |
| Plaintiff, | ) |
| vs. | ) |
| THE UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, JOHN F. DEAN, Special Trail Judge, Tax Court DONALD L. KORB, Chief Counsel, IRS WESLEY J. WONG, Attorney, IRS MARLENE M. OKAIJIMA, Appeals Team Manager, IRS | ) Civil No. CV-S-08-0119-JCM (LRL) ) ) **OBJECTION TO NAMED FEDERAL DEFENDANTS' MOTION TO DISMISS** |
| Defendants | ) |

Plaintiff objects to the dismissal of the suit on the grounds that the IRS did willfully and knowingly violate his right to due process under USC 26, 7521(a)(1) and USC 26, 6212(a) and by doing so forced Plaintiff to this action.

Plaintiff also must remind the court that unlike his opponents, who practice the law on a daily basis, plaintiff does not have the extensive knowledge of courtroom procedures and asks that this court take this into consideration.

Although the defendants Dean and Wong apparently have immunity from his actions in this case, Plaintiff believes that the others do not.

Therefore, Plaintiff asks that this case move forward, removing only defendants Dean and Wong from the case, asking this court to vacate the Tax Court decision and grant him a proper hearing in this case.

A memorandum is included in support of this case.

Dated this day of April 15, 2009

Glen A. Blair
Pro Se

Glen A. Blair
3349 Wayne St.
Las Vegas, Nevada
89121

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEVADA

| | |
|---|---|
| Glen A. Blair, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE UNITED STATES OF AMERICA, )<br>INTERNAL REVENUE SERVICE, )<br>JOHN F. DEAN, Special Trail Judge, Tax Court )<br>DONALD L. KORB, Chief Counsel, IRS )<br>WESLEY J. WONG, Attorney, IRS )<br>MARLENE M. OKAIJIMA, Appeals Team Manager, IRS )<br>)<br>Defendants ) | Civil No. CV-S-08-0119-JCM (LRL)<br><br>**MEMORANDUM IN SUPPORT OF OBJECTION TO NAMED FEDERAL DEFENDANTS' MOTION TO DISMISS** |

## STATEMENT OF FACTS

The IRS granted only one proper hearing regarding his alleged tax liability. At this hearing, plaintiff brought a court reporter and a cassette recorder, so that the hearing could be properly documented. Plaintiff asked at this hearing that the IRS produce the IRS Code section that makes him liable for the taxes imposed upon him. The response was basically "we are not going there" which plaintiff justifiably took as a refusal, even after plaintiff placed Title 26 USC in front of the appeals officer. Plaintiff was asked if he would pay the taxes imposed. Plaintiff responded with a "YES, if you will show me the law that makes me liable under Title 26 USC, I will write a check, right here and now." The appeals officer again refused to produce the code section and attempted to force plaintiff to agree to pay the taxes "without any qualifiers". The appeals officer said that he did not have to discuss any liability questions because plaintiff received a "deficiency notice." Plaintiff stated that 26 USC 6330(c)(2)(B) allows for "any relevant issue" to be discussed at the hearing. Plaintiff asks this court, what could be more relevant? A transcript was made of this hearing and was used as evidence against the IRS in a suit claiming due process was not given the plaintiff. The court agreed that plaintiff was not allowed to question the liability before or during the hearing and vacated the decision of the IRS appeals officer. Plaintiff was granted a new hearing.

At this new hearing plaintiff was not allowed to record, nor bring a court reporter to document the hearing, as 26 USC 7521(a)(1). This is a direct violation of the law. Any action taken after this fact is also a violation of plaintiff's due process and the court order and must be voided. The IRS could say they said anything, and without proper documentation, plaintiff could not possibly protect himself from further illegal action, nor disprove anything alleged by the IRS agents at the hearing.

As stated in the original document, the IRS has not allowed any further "face to face" hearings only to avoid having to allow plaintiff his legal right to record such a hearing under IR Code 7521(a)(1). The IRS has tried to force a telephone meeting instead, reminding plaintiff he cannot record the conversation, knowing that they will again violate the law and not allow him to ask

pertinent questions as is his right to under 26 USC, 6330. Plaintiff has the legal right to such a "face to face" hearing to exchange documents and get a "fair hearing". A true "hearing" is NOT a telephone interview.

26 USC 6011 states, in pertinent part: "...any person *made liable*..." Plaintiff has the right to be shown where the section is that makes him liable, and has asked for this from the beginning. Plaintiff has also sent a "Reliance Statement" to the Chief Counsel of the IRS to help him clarify this action. In this set of documents there are several pages of information that proves without a doubt that the IRS is wrong about the alleged tax liability of the plaintiff. This "Reliance Statement" gave the Chief Counsel of the IRS, the man that should know the section needed 30 days to disprove or disagree with the plaintiff, stating specifically that NO response from him OR his District Counsel is in effect an agreement that these documents are correct. Plaintiff received no response whatsoever. This refusal to answer the set of documents is tantamount to agreeing with plaintiff that he has no income tax liability, and will stand up as evidence in court as such. This is why the IRS wants to stop plaintiff from prevailing in any suit and seeks to find a court procedure missed or a mailing done improperly, rather that just say "the code section making you liable is here..." and be done with it.

There is no IR Code section that makes plaintiff liable for income taxes under 26 USC. The IRS has NEVER DISPUTED THIS; therefore plaintiff is not liable for income taxes under the code. This fact makes all efforts by the IRS extortion under the color of office under IR Code section 7214(a).

Given the fact that the IRS has chosen to take these actions against plaintiff, knowing that the law was violated repeatedly and that plaintiff has pointed this fact out repeatedly is also a conspiracy under the color of office, as well as fraud by stating plaintiff has an alleged liability without producing the specific IR Code section as required so that plaintiff may read such charges against him.

The fact that the Tax Court has placed a penalty against plaintiff under 26 USC, 6673(a)(1) knowing that plaintiff has repeatedly tried to get this resolved in a timely fashion, and under the law is extortion, and oppression under the color of office trying to get plaintiff to stop asking for a true, "fair" hearing and get the IR Code section that makes plaintiff liable by fining him into submission until he is unable to protect himself any further by seizing his property.

The presiding judge also stating that plaintiff is only trying to delay the proceedings is defaming in nature, due to the fact that from the very start plaintiff has repeatedly stated that he will pay all taxes he is proven liable for. No law under 26 USC makes him liable or the IRS would have produced it immediately, if not just to facilitate immediate payment of the tax. During the very first hearing plaintiff had a checkbook read to be filled out upon receiving the amount he was legally liable for and was refused.

Plaintiff asks that this Honorable Court vacates the Tax Courts decision, given it is a court of record and NOT a proper Court of Law, and grants that the action continue with a JURY trial so that plaintiff may have proper due process of Law.

Plaintiff also requests that the defendants reimburse the court costs paid by plaintiff and a reasonable amount for having to further invest time and money into a proceeding that, if the defendants followed the law from the beginning would never have had to be engaged upon Plaintiff also reminds this court that he is representing himself and asks that he be given some margin of error in proceedings of this nature.

Respectfully submitted,

*[signature]*

Glen A. Blair, Pro per
3349 Wayne St.
Las Vegas, NV 89121
702-649-9106

TO: THE CLERK OF THE COURT, UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CASE NO: 2:08-cv-01119-JCM-LRL

CERTIFICATION OF COPY MAILED TO DEFENDANTS IN THE ABOVE CASE

THIS IS TO CERTIFY THAT A COPY OF THE ENCLOSED DOCUMENTS WAS SENT TO THE PARTIES LISTED ON THE BOTTOM OF THIS DOCUMENT ON APRIL 15, 2009 VIA THE UNITED STATES POSTAL SERVICE.

*/s/ Glen A. Blair*
Glen A. Blair

Date APRIL 15, 2009


John F. Dean, Special Trial Judge c/o
United States Tax Court
Washington D.C. 20217

Donald L Korb, Chief Counsel, IRS
Wesley J. Wong, Attorney, IRS c/o
Internal Revenue Service, Office of Chief Counsel
110 City Parkway, Suite 301
Las Vegas, Nevada 89106

Marlene M. Okaijima, Appeals Team Manager c/o
Internal Revenue Service
Appeals Office M/S 55201
Fresno, CA 93888-0700